UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIKHAIL MIKHAILOVICH SAVIN,

Petitioner,

v.

TODD BLANCHE et al.,[1]

Respondents.

CASE NO. 2:26-cv-01346-JHC

ORDER

This matter comes before the Court on Mikhail Mikhailovich Savin's Petition for Writ of Habeas Corpus. Dkt. # 1. Petitioner, who was born in the Union of Soviet Socialist Republics (USSR), is detained under 8 U.S.C. § 1231(a)(6), which permits detention of noncitizens with final orders of removal beyond the 90-day removal period in certain circumstances. Dkt. # 1 at 7 (citing 8 U.S.C. § 1231(a)(6)). Petitioner was previously detained and subject to a removal order entered on January 10, 2013, Dkt. # 8 ¶ 6, but was released on an order of supervision (OSUP) on May 13, 2013 because of "ICE's inability to secure a Russian travel document for Petitioner."

[1] The Respondents are Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary, United States Department of Homeland Security; Julio Hernandez, Acting Seattle Field Office Director, United States Citizenship and Immigration Services; and Bruce Scott, Warden of Immigration Detention Facility; and United States Immigration and Customs Enforcement. This order also refers to Respondents as "the government."

ORDER - 1

*Id.* ¶ 7.  Petitioner was re-detained by ICE on February 27, 2026, after allegedly violating the terms of a prison diversion program.  *Id.* ¶ 12.

Petitioner raises five grounds for habeas relief.  In the first, he contends that though he is subject to a final order of removal, the presumptively reasonable six-month period in which to remove him elapsed years prior, sometime in June 2013, Dkt. # 1 at 23 (citing *Zadvydas v. Davis*, 553 U.S. 678, 701 (2001)).  Further, Petitioner says there is no significant likelihood of his removal, because Russia, the country now occupying the territory of the USSR, will not issue travel documents to Petitioner, despite the government's efforts to secure a travel document.  *Id.* Second, Petitioner contends he has a due process right against re-detention.  *Id.* at 24.  Third, Petitioner argues that the government failed to comply with its own regulations when re-detaining him.  *Id.* at 25.  Fourth, Petitioner argues that his detention violates the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture (CAT) and its implementing regulations, and the Administrative Procedure Act.  *Id.* at 26.  Fifth, Petitioner contends that any potential removal to a third country amounts to a punitive banishment prohibited by the Constitution's Fifth and Eighth Amendments.  *Id.* at 27.

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted.  *See* Dkt. # 4.  The Court finds that Respondents have failed to do so.

First, Petitioner's detention exceeded the six-month period during which the government could have removed him no later than July 2013.  After that, his continued detention was reasonable only as far as it was related to effecting his removal.  *See Zadvydas*, 533 U.S. at 701. Unable to secure travel documents Petitioner in 2013, the government released Petitioner on an OSUP.  While the government argues that it is in the process of arranging travel with Russia, Dkt. # 8 ¶ 13, it fails to respond to Petitioner's showing that Russia does not accept the return of

ORDER - 2

individuals born in the USSR.  In the absence of an actual likelihood that Petitioner will be removed in the reasonably proximate future (i.e., travel documents secured and arrangements made), Petitioner's continued detention is unconstitutional.  *See, e.g.*, *Pham v. Bondi*, 2025 WL 3122884, at *1–2 (W.D. Wash. Nov. 7, 2025) (granting Vietnamese national's habeas petition after elapse of six-month period after final order of removal because the government could not show any significant likelihood of removal in the reasonably foreseeable future); *Nguyen v. Bondi*, 2025 WL 3534168, at *4–5 (W.D. Wash. Dec. 10, 2025) (same); *Bozorgpasand v. Facility Adm'r*, 2026 WL 171775, at *2–3 (W.D. Wash. Jan. 22, 2026) (same; Iranian national); *Keskin v. Bondi*, 2026 WL 412294, at *3 (W.D. Wash. Feb. 13, 2026) (same; Turkish national).

Second, Petitioner's purported violation of his OSUP terms through the alleged diversion program violations and misdemeanor charge does not present a valid basis to continue his detention.  Petitioner says that he denies the misdemeanor charge.  Dkt. # 11 at 3.  Moreover, the Court has no evidence before it regarding the misdemeanor charge or the alleged diversion program violations other than the government's averments, Dkt. # 8 ¶ 10, which the Court finds to be insufficient proof.  But even if Petitioner did violate his OSUP, he was apparently never provided any notice or an opportunity to contest that violation, which courts in this District have found to be a due process violation justifying a grant of a habeas petition.  *See, e.g.*, *Vo v. Scott*, 2026 WL 445046, at *5 (W.D. Wash. Feb. 17, 2026) ("[B]efore revoking an OSUP (or similar release order), the Government must provide pre-deprivation notice and a hearing.  Neither occurred here."); *Van Nguyen v. Bondi*, __ F. Supp. 3d __, 2026 WL 408098, at *4 (W.D. Wash. Feb. 3, 2026) (granting habeas petition on ground that Petitioner was not "provided the requisite notice and informal interview in a timely fashion" regarding alleged OSUP violations).

Thus, the Court concludes that Respondents have failed to show cause why the habeas petition should not be granted, crediting Petitioner's first, second, and third grounds for relief.

ORDER - 3

*See* Dkt. # 1 at 23–25. With no indication that the government seeks to remove Petitioner to a third country, the Court declines to reach the Petitioner's fourth and fifth grounds for relief. *See id.* at 25–29. Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief. *See* 28 U.S.C. § 2241(c). The Court thus GRANTS the petition for the writ of habeas corpus (Dkt. # 1) and ORDERS that:

(1) Respondents shall release Petitioner from detention on or before May 13, 2025. Upon release, Petitioner shall be subject to his most recent conditions of supervision compliant with 8 U.S.C. § 1231;

(2) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate; and

(3) The Clerk is DIRECTED to send uncertified copies of this Order to all counsel of record.

Dated this 12th day of May, 2026.

John H. Chun
United States District Judge

ORDER - 4